UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

LOUIS JAMISON-LAWS,

          Petitioner,                    Case No. 1:15-cv-571

v.                                             Honorable Robert J. Jonker

THOMAS MACKIE,

          Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

    I.      Factual Allegations

Petitioner Louis Jamison-Laws presently is incarcerated with the Michigan Department of Corrections at the Oaks Correctional Facility. After a jury trial in the Oakland County Circuit Court, Petitioner was convicted of one count of armed robbery, MICH. COMP. LAWS § 750.529. On September 29, 2009, Petitioner was sentenced as a subsequent felony offender, MICH. COMP. LAWS § 769.10, to a term of eight to twenty years in prison.

Petitioner filed an appeal as of right raising two grounds for relief:

    I.      [THERE WAS] INSUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT THAT [PETITIONER] COMMITTED . . . ARMED ROBBERY.

    II.     [PETITIONER] SHOULD BE ENTITLED TO RESENTENCING BECAUSE OFFENSE VARIABLE (OV) 4, MCL [§] 777.34 AND .29, MCL [§] 777.49 WERE IMPROPERLY SCORED.

The Michigan Court of Appeals denied relief. Petitioner did not file an application for leave to appeal in the Michigan Supreme Court. On September 9, 2013,[1] Petitioner filed a motion for relief from judgment in the Oakland County Circuit Court raising four grounds for relief:

    I.      [THE] PROSECUTION VIOLATED [PETITIONER'S] DUE PROCESS RIGHTS BY FAILING TO DISCLOSE TERRANCE JAMISON'S CUSTODIAL INTERROGATION VIDEO.

    II.     [PETITIONER'S] DUE PROCESS RIGHTS WERE VIOLATED BY THE ADMISSION OF WITNESS CHRIS SANDERS IDENTIFICATION TESTIMONY.

---

[1] In the petition, Petitioner states that he filed his motion for relief from judgment on January 10, 2014. However, Attachment 2 to the petition is the order denying Petitioner's motion which was filed on January 10, 2014. The Oakland County Circuit Court docket establishes that the actual filing date of Petitioner's motion was September 9, 2013.

>   III.   [PETITIONER'S] DUE PROCESS RIGHTS WERE VIOLATED BY VICTIM PAWEL WALOSZYN'S IN-COURT IDENTIFICATION.
>
>   IV.   COUNSEL WAS INEFFECTIVE FOR FAILING TO SUPPRESS BOTH CHRIS SANDERS' AND PAWEL WALOSZYN'S IDENTIFICATION TESTIMONY.

Petitioner's motion was denied and he did not appeal the Circuit Court's ruling.

Petitioner filed his application on or about June 2, 2015.[2]

   II.   Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on June 2, 2015, and it was received by the Court on June 4, 2015. Thus, it must have been handed to prison officials for mailing at some time between June 2 and 4, 2015. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to his habeas application, Petitioner filed an appeal in the Michigan Court of Appeals, which was denied on March 1, 2011. Petitioner did not seek leave to appeal to the Michigan Supreme Court. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" ) (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires). Under Michigan law, a party has 56 days in which to apply for leave to appeal to the Michigan Supreme Court. *See* MICH. CT. R. 7.302(C)(2).

Accordingly, Petitioner's conviction became final on April 26, 2011. Petitioner had one year from April 26, 2011, or until April 26, 2012, in which to file his habeas application. Petitioner filed on June 2, 2015. Obviously, absent tolling, Petitioner filed more than one year after the time for direct review expired.

The running of the statute of limitations is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner filed a motion for relief from judgment in state court on September 9, 2013. That motion did not toll the statute of limitations, however, because the statute of limitations had already expired on April 26, 2012, long before he filed the motion. The tolling provision does not "revive" the limitations period (*i.e.*, restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Consequently, because Petitioner's one-year period expired no later than April 26, 2012, his collateral motion filed on September 9, 2013, did not serve to toll the limitations period.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th

Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner seeks equitable tolling of the statute of limitations. Petitioner alleges that he missed a variety of deadlines and failed to file appeals because he was ignorant of the law. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

Petitioner also alleges that he is actually innocent. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the

procedural bar of the statute of limitations under the miscarriage-of-justice exception. To support a claim of actual innocence, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Shlup*, 513 U.S. at 327; *Souter*, 395 F.3d at 590, 598-99; *Allen*, 366 F.3d at 405. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Souter*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). A petitioner "must produce evidence of innocence so strong that the court can not have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Allen*, 366 F.3d at 405 (internal quotations and citations omitted).

Petitioner fails to meet the standard for proving a claim of actual innocence. Petitioner contends that a videotaped interview of witness Terrance Jamison, which was not played for the jury, is new evidence and establishes his innocence because Terrance's statements in the interview contradicted his trial testimony. Petitioner argues that if the videotaped interview had been played it would have destroyed Terrance's credibility and the jury would not have convicted Petitioner. Terrance's credibility or lack of it, does not establish Petitioner's innocence. Even assuming that Terrance's interview could be considered new evidence, which is by no means certain, *see Cleveland v. Bradshaw*, 693 F.3d 626, 633 (6th Cir. 2012) (noting that a circuit split exists as to whether the evidence needs to be newly discovered or newly presented, but declining to address the issue), Petitioner's argument goes to the weight of the evidence against him, and does not

establish that he is factually innocent of the crime for which he was convicted. *See Souter*, 395 F.3d at 590. Moreover, Petitioner fails to demonstrate that once Terrance was revealed to be an incredible witness, it is more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: July 1, 2015                            /s/ Hugh W. Brenneman, Jr.
                                                           HUGH W. BRENNEMAN, JR.
                                                           United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).